# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                 **CASE NO. 2:11-CR-010(1)**

                                 **JUDGE SMITH**

**SEAN MURPHY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Counts Two and Three of the Indictment (Doc. 73); Defendant's Motion to Suppress Identification (Doc. 74); Defendant's Motion and/or Request for Medical Records (Doc. 75); and Defendant's Motion for Supplemental Discovery (Doc. 76). The Government has responded, and these motions are now ripe for review. The Court will address these motions in turn.

**A.    Motion to Dismiss Counts Two and Three of the Indictment**

Defendant moves to dismiss Counts Two and Three of the Indictment. Defendant asserts that these Counts do not state an offense under the United States Code and therefore must be dismissed.

Count Two of the Indictment alleges that Defendant, in violation of 18 U.S.C. §§1952 and 2, caused an individual known to the grand jury, to travel in interstate commerce from the State of Massachusetts to the Southern District of Ohio, with the intent to further promote, manage, establish, carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that being the theft of merchandise and money for the purpose of taking the stolen

merchandise and money in interstate commerce from the Southern District of Ohio to locations outside of the State of Ohio, in violation of the laws of the United States, specifically, 18 U.S.C. §2314, and thereafter Defendant did cause the performance and the attempted performance of acts to further promote, manage, establish, and carry on and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

Count Three of the Indictment alleges that Defendants Murphy, Morgan, and Doucette, in violation of 18 U.S.C. §§ 1952 and 2, traveled in interstate commerce from the State of Massachusetts to the Southern District of Ohio with the intent to further promote, manage, establish, carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that being the theft of merchandise and money for the purpose of taking the stolen merchandise and money in interstate commerce from the Southern District of Ohio to locations outside of the State of Ohio in violation of the laws of the United States, specifically, 18 U.S.C. § 2314, and thereafter Defendants Murphy, Morgan, and Doucette did perform and attempt to perform acts to further promote, manage, establish and carry on, and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

Title 18 U.S.C. § 1952(b) states that, "[a]s used in this section (I) "unlawful activity" means . . . (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code, or under section 1956 or 1957 of this title[.]" Title 18 U.S.C. § 1956(c)(7) defines the term "specified unlawful activity" to include "(A) any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31[.]" Title 18 U.S.C. § 1961(1)(B) provides that "racketeering activity" includes "any act which is indictable under . . . sections 2314 and 2315 (relating to interstate transportation of stolen property)."

In view of these statutes, the transportation of stolen property in interstate commerce is a

recognized unlawful activity under the money laundering statutes and is thus cognizable as unlawful activity under 18 U.S.C. § 1952. That is, the use of interstate facilities in furtherance of unlawful activity identified under 18 U.S.C. § 1952 is a cognizable offense. *See United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) ("the federal crime to be proved in § 1952 is use of the interstate facilities in furtherance of the unlawful activity."). Because Counts Two and Three allege this activity, they state offenses under the United States Code. Accordingly, Defendant's Motion to Dismiss Counts Two and Three is **DENIED**.

### B. Motion to Suppress Identification

Defendant moves to suppress the identification of him by Sue Rouslaw and Theresa Bador on March 13, 2009. Defendant asserts that these identifications were impermissible as a matter of law and therefore the entirety of these witnesses' testimony must be suppressed.

According to the Sixth Circuit, "an identification violates a defendant's right to due process where the identification procedure was so unnecessarily suggestive as to run the risk of irreparable mistaken identification." *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005) (citing *Neil v. Biggers*, 409 U.S. 188, 196 (1972)). The Court must engage in a two-step analysis to determine whether the identification violated Defendant's due-process right: (1) the Court first must determine whether the identification was unnecessarily suggestive; and (2) if it was, the Court must then assess whether the identification was nonetheless reliable under the totality of the circumstances. *Id.* at 469. "If an identification is reliable, it will be admissible even if the confrontation was suggestive." *Id.* (citing *Carter v. Bell*, 218 F.3d 581, 605 (6th Cir. 2000)).

Here, Defendant asserts that the identifications were impermissibly suggestive because the two witnesses were only shown a single picture and not a photo array, because they were questioned at the same time, and because they both misspelled the name Heatherman, a name he allegedly used.

While Defendant asserts that these facts indicate an unnecessarily suggestive identification, he does not address other matters that are pertinent to an identification's reliability, such as whether the witnesses knew Defendant from business dealings, which is asserted by the government. Therefore, Defendant has not met his burden of demonstrating that the identifications were impermissible as a matter of law. Accordingly, Defendant's motion to suppress the identifications is **DENIED**.

**C.     Motion and/or Request for Medical Records of David Nassor**

Defendant requests the medical records of David Nassor whom Defendant believes may be called as a witness. According to Defendant, Mr. Nassor was hit on the head in August 2008 and was in a coma for over a month. Defendant asserts that Mr. Nassor's medical records are pertinent to his ability to accurately perceive and/or remember events. The Government responds by asserting that the defense has not been provided a list of witnesses who the Government intends to call to testify, that it does not possess any medical records of any of its non-law enforcement witnesses, and that the medical records are privileged, which thereby prevents the Government from having any legal right to access the medical records of its witnesses.

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides, in part, that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is *within the government's possession, custody, or control*." (Emphasis added). Similarly, Rule 16(a)(1)(F) provides, in part, that "[u]pon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (I) the item is *within the government's possession, custody, or control*[.]" (Emphasis added).

Therefore, while the Government has an obligation to produce certain documents or records,

the documents or records must be within the Government's possession, custody, or control. Furthermore, medical records constitute privileged information, and absent some exception to that privilege, the Government has no legal right to access such records. Because Defendant has not shown that Mr. Nassor's medical records are within the Government's possession, custody, or control, his request for these records is **DENIED**.

**D.     Motion for Supplemental Discovery**

Defendant requests supplemental discovery as to certain documents or information. Specifically, Defendant requests: (1) certain FBI 302 Reports; (2) information relating to "promises, rewards and inducements" for any person involved in this case; (3) "entry/exit logs" for a storage unit in Warrandale, Pennsylvania; (4) "entry/exit logs" and other rental information relating to a storage unit in Raymond, New Hampshire; (5) information relating to the U-Haul truck Robert Doucette used to transport stolen items from Brinks in January 2009; (6) information pertaining to Robert Doucette, including his date of birth, Social Security Number, criminal record, and recent mug shot; (7) details concerning the damage to the Brinks facility and the cost of repairing the facility, specifically the individual receipts and work performed on damage not caused by Defendant; (8) a list of witnesses; (9) and exculpatory evidence concerning any Government witness giving false information, withholding evidence, misleading authorities, or destroying evidence.

The Government responds to the above-numbered requests as follows: (1) all statements made by Defendant to Government agents will continue to be made available to Defendant; (2) the Government has already responded to, and this Court has already ruled on, this request; (3 and 4) the Government is unaware of the existence of this information and it does not possess it; (5) the Government does not possess information pertaining to the identified U-Haul truck; (6) the Government will not reveal the identity of, or any information about, its witnesses at this time; (7)

the Government does not currently possess the requested information relating to the damage to the Brinks facility, and this information will not be relevant at the trial in this case; (8) the Government will not produce its witness list at this time; and (9) the Government has already responded to, and this Court has ruled on, this request. The Government also again requests, pursuant to Rule 16(b), reciprocal discovery from Defendant.

On these supplemental discovery issues, the Court rules as follows. As to Defendant's witness list request, the Court notes that a defendant in a non-capital case is not entitled to know in advance of trial who will testify for the government. *United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (citing *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984)). Furthermore, as discussed above, the Government has no obligation to produce documents not within its possession, custody, or control. And, as to exculpatory evidence, the Court has already addressed this issue. (*See* Doc. 90). However, the Court again orders the Government and Defendant to exchange any and all evidence discoverable under Rule 16(a) and (b).

For these reasons, Defendant's Motion for Supplemental Discovery is **GRANTED in part** and **DENIED in part**.

**E.   Conclusion**

In summary, Defendant's Motion to Dismiss Counts Two and Three of the Indictment (Doc. 73) is **DENIED**; Defendant's Motion to Suppress Identification (Doc. 74) is **DENIED**; Defendant's Motion and/or Request for Medical Records (Doc. 75) is **DENIED**; and Defendant's Motion for Supplemental Discovery (Doc. 76) is **GRANTED in part** and **DENIED in part**.

The Clerk of this Court shall remove Documents 73, 74, 75, and 76 from the Court's pending motions list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**