# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                                  CASE NO. 2:11-CR-010(1)

                                                       JUDGE SMITH

**SEAN MURPHY,**

      Defendant.

## OPINION AND ORDER

This matter is before the Court on the Government's Motion in Limine (Doc. 114). The Defendant has responded and this matter is now ripe for review.

The Government seeks to restrict the scope of cross-examination of certain Government witnesses. The Government notes that Defendant Murphy is very familiar with one or more of its witnesses. Given this familiarity, the Government is "concerned that the Defendant will attempt to offer improper extrinsic evidence or attempt to illicit testimony on cross-examination which does not fit within the parameters of Rule 608(b) and Rule 609 of the Federal Rules of Evidence.

In response, the Defendant argues that his counsel intends to cross-examine Robert Doucette and David Nassor on all of their previous convictions pursuant to Rule 609 of the Federal Rules of Evidence. Rule 609 "Impeachment by Evidence of Conviction of Crime," specifically provides in pertinent part:

    (a) General rule.—For the purpose of attacking the character for truthfulness of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Thus, the witnesses prior convictions may be admissible if, in accordance with Rule 609, the conviction was punishable by imprisonment in excess of one year and the probative value outweighs the prejudical effect; or the conviction constitutes a crime of dishonesty or false statement. Further, pursuant to Rule 609(b), convictions over 10 years old "should be admitted very rarely and only in exceptional circumstances." *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990). Additionally, there is a "rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978).

Defendant acknowledges that under Rule 608(b), a witness can be cross-examined about specific acts that probe the witnesses' character for truthfulness. Rule 608(b) specifically provides:

**(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on crossexamination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness.

The Defendant contends that as long as he has a good faith basis for asking the question on cross, relating to a witness' failure to respect the law, rules or regulations, then he is permitted to do so. Both the Government and the Defendant cite cases supporting their positions. The Court acknowledges the cases cited by both the Government and the Defendant, however, absent knowledge of the specific question defense counsel plans to ask, it is difficult to make a ruling at this time. However, the Court warns the Defendant that improper extrinsic evidence will be excluded. Further, any attempt to illicit testimony on cross-examination that is outside the parameters of Rule 608(b) and Rule 609 is discouraged. If defense counsel has specific questions in mind of such areas of inquiry that may draw an objection by the Government, he is encouraged to raise them during a break at trial so this matter can be addressed outside the presence of the jury.

The Government further argues that evidence of prior drug use by a government witness, intended to impeach that witness' credibility or to show bias, is properly excluded under Rule 608(b). The Government relies on *United States v. Phillips*, 888 F.2d 38 (6th Cir. 1989). Defense counsel specifically states that he intends to ask questions about these witnesses drug activities because of the degree of their usage and their trafficking. Defendant relies on *United States v. Brown*, 946 F.2d 1191, 1195-96 (6th Cir. 1991).

In *Phillips*, Larry and Rebecca Layne, witnesses for the Government admitted past drug use on direct examination and were cross-examined extensively about past drug use, however, they denied using cocaine at a party hosted by Mr. Bray. The defendant proffered testimony of two witnesses who observed the Laynes sniffing cocaine during that party. The trial judge excluded this testimony because it was "so far removed from [the] case" and "might be more damaging than it would be probative." The Sixth Circuit held that "the extrinsic evidence of prior drug use by the government's witnesses was properly excluded under the trial judge's exercise of his discretion." *Phillips*, 888 F.3d at 42.

However, the *Phillips* holding was distinguished in *United States v. Atkinson*, 2005 U.S. Dist. LEXIS 36369 (N.D. Ohio 2005), where the Court noted that Rule 608 "relates solely to the admissibility of extrinsic evidence regarding specific instances of conduct - - it would not preclude questioning the government's witnesses on cross-examination regarding their alleged drug use." Further, the Sixth Circuit in *United States v. Martinez*, 59 Fed. Appx. 638 (6th Cir. 2003), limited the cross-examination of the government witness' drug use to the period in which Defendant was alleged to have committed the instant offense. The *Matinez* Court further noted that a witnesses' use of drugs is relevant only to his ability to perceive the underlying events and to be able to testify lucidly at trial. *Id.* at 645-46 (citing *United States v. Lanier*, 33 F.3d 639, 657 (6th Cir. 1994)).

Therefore, to the extent that defense counsel plans to question the Government witnesses on their past drug use as it relates to matters other than the witnesses' character for truthfulness, such as the witnesses' mental capacity, motive and bias, it need not be excluded under Rule 608. Further, "[e]vidence of a witnesses' prior drug use may be admitted insofar as it relates to his

possible inability to recollect and relate." *Atkinson*, 2005 U.S. Dist. LEXIS at *3 (quoting *United States v. Mojica*, 185 f.3d 780, 788 (7th Cir. 1999)). Defense counsel is further limited to questioning the Government witnesses' about their drug use during the period of the alleged conspiracy.

Defense counsel also seeks to question David Nassor regarding an injury he sustained on August 8, 2008, and its effect on his memory and communication skills. Similar to the aforementioned questioning regarding a witness' prior drug use, the Defendant may question a witness regarding his possible inability to recollect and relate.

Finally, defense counsel seeks to question one of the Government's witnesses who is out on bond and under Pretrial Supervision. Defense counsel specifically references questioning this witness about his possible violations while under Pretrial Supervision. However, the Court has checked with our Pretrial Office regarding the Government's witness who is under their supervision and there have been no reports of any possible violations. Defendant is not permitted to go on a fishing expedition and ask questions about potential violations without substantial basis to do so. However, if the Defendant is aware of specific pretrial violations, this shall be raised with the Court during a break in the trial before Defendant's cross-examination of this witness.

In conclusion, the Court encourages both parties to abide by the Federal Rules of Evidence during both direct and cross-examination of all witnesses. With respect to some specific testimony that may be sought, the aforementioned rulings shall provide guidance to counsel. Defense counsel is encouraged to request that the Court hear any further related issues during a break in the trial. Accordingly, the Government's Motion in Limine is **GRANTED**.

The Clerk of this Court shall remove Document 114 from the Court's pending motions

list.

**IT IS SO ORDERED.**

                                        */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**