# UNITED STATES DISTRICT COURT
# SOUTHERN OHIO DISTRICT
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                              **CASE NO.: 2:11-CR-010(1)**

                                                                  **JUDGE SMITH**

**SEAN MURPHY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion in Limine, specifically to exclude two letters the Government plans to introduce, and/or illicit testimony regarding, that reference a potential proffer by the Defendant (Doc. 93). The Court previously issued a ruling on Defendant's Motion in Limine (Doc. 111). The Court noted in that Opinion and Order its concern with the potential proffers by the Defendant in his letters to Agent Costello and Detective Ferrari. The Court was informed that counsel had met and had agreed to certain redactions to the letters.

At a hearing in Court today, the Court inquired as to the status of the dispute regarding the letters. Counsel for the Government stated that he did not plan to introduce the letter to Agent Costello, but did plan to question Agent Costello about a specific phrase contained in the letter. Counsel for the Defendant stated that he still planned to object to any such testimony on the grounds that the content constitutes a proffer.

Rule 11 of the Federal Rules of Criminal Procedure which addresses pleas, provides that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by

Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f). Rule 410 of the Federal Rules of Evidence, entitled "Inadmissibility of Pleas, Plea Discussions, and Related Statements," provides in pertinent part:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> . . .
>
> (4) Any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

For Rule 410 to apply to a statement, the statement must be made in the course of plea discussions "with an attorney for the government." The Sixth Circuit stated that "[t]his rule can be fairly read to apply to statements made to a government attorney during the course of plea discussions or to an agent whom the government attorney has authorized to engage in plea discussions." *United States v. O'Neal*, 992 F.2d 1218, 1993 WL 133807, at *9 (6th Cir. 1993) (per curiam); *see also United States v. Cross*, 956 F.2d 1164, 1992 WL 48009 (6th Cir. 1992) ("We think the rule can be fairly read to require the participation of a government attorney in the plea discussions, but not necessarily his physical presence when a particular statement is made to agents whom the attorney has authorized to engage in plea discussions."). The Sixth Circuit further opined:

> While statements made by a defendant to law enforcement officers during the investigation stage, without more, are not protected by the Rule, statements made by a defendant to a law enforcement officer during a plea bargaining process in which the government attorney participates should be protected by the Rule. Otherwise, a law enforcement officer could act . . . in the role of an intermediary between a defendant and the government attorney in conducting plea negotiations and yet those discussions would not be protected by the Rule.

*Id.* at *5. Thus, while a government attorney need not be directly involved in plea discussions, a government attorney must participate in the process for Rule 410 to apply.

In determining whether a discussion should be characterized as a plea negotiation for the purpose of Rule 410, courts apply a two-prong test: there must be a subjective expectation of the defendant that he was negotiating a plea, and that expectation must be objectively reasonable. *Id.*

After carefully reviewing the letters from Defendant Sean Murphy to Agent Costello and Detective Timothy Ferrari, the Court finds that the Defendant had a reasonable belief that he was negotiating a plea. Specifically, in the letter to F.B.I. Special Agent (SA) Jason Costello, postmarked October 27, 2009, and dated September 21, 2009, Defendant Murphy specifically references his proffer, suggesting there had been a prior discussion about him providing information in exchange for a favorable plea agreement. Defendant Murphy also writes:

> At our brief meeting at the jail, we discussed the possibility of cutting the sentences in half for the E.A, Dion case and the federal Ohio case in return for intelligence on crimes that did not involve me; information on Drug Traffickers; and information on the New England mafia. . . . You also stated that if I just pled guilty, Gonzales and Fregault would recommend reduced sentences. I assume (on the federal end) that means more than the standard 3 point reduction for acceptance of responsibility and timeliness that everyone gets.

This is evidence that the Defendant was engaged in the proffering of information in exchange for a favorable plea agreement and therefore must be excluded under Rule 410 of the Federal Rules of Evidence. This includes producing this letter as an exhibit or soliciting testimony regarding the letter.

Defendant Murphy also sent a letter to Detective Timothy Ferrari, postmarked April 18, 2009, and dated April 17, 2009, where Murphy writes that he was instructed to contact Detective Ferrari when he had something important to say. He further mentions the possibility of negotiating a reasonable plea. Therefore, the Court also finds that this letter, and any testimony regarding the letter, must be excluded under Rule 410.

Based on the aforementioned, Defendant's Motion in Limine with respect to the two letters to Agent Costello and Detective Ferrari, is **GRANTED.**  The other five letters the Government plans to introduce are admissible.

**IT IS SO ORDERED.**

                                              */s/ George C. Smith*
                                              **GEORGE C. SMITH, JUDGE**
                                              **UNITED STATES DISTRICT COURT**