# UNITED STATES DISTRICT COURT
# SOUTHERN OHIO DISTRICT
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                        **CASE NO.: 2:11-CR-010(1)**

                                  **JUDGE SMITH**

**SEAN MURPHY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for an Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. 141). The Government has not responded to this Motion, however, the Defendant did move for an acquittal following the trial both orally and in writing (Doc. 133), and the Court heard both parties' arguments on the record. The Court issued an oral ruling denying Defendant's Motion based on a finding that the evidence that was presented at trial was more than sufficient to send the case to the jury for a decision.

Rule 29 of the Federal Rules of Criminal Procedure provides, in pertinent part:

**Motion for a Judgment of Acquittal**

**(a) Before submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

**(b) Reserving Decision.** The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case

to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserved decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Defendant seeks an acquittal specifically on Counts Two, Three and Four of the Indictment, asserting that the Government has failed to prove its case against him on those Counts beyond a reasonable doubt, or failed to prove all elements of those Counts as required by law.

With respect to Counts Two and Three, the Government alleges that Defendant Murphy caused an individual to travel in interstate commerce with the intent to further promote an unlawful activity in violation of 18 U.S.C. §§ 1952 and 2 and that he traveled in interstate commerce with the intent to further promote an unlawful activity in violation of 18 U.S.C. §§ 1952 and 2. Defendant argues that since the Government has alleged a violation of 18 U.S.C. §1952, then as that section applies to Counts Two and Three of the Indictment, there must be a violation of §1956 (money laundering) in order for there to be "an act indictable under § 1956." However, the Court has already addressed this same argument in two previous Opinions. (*See* Docs. 94 and 112). The Court held that the transportation of stolen property in interstate commerce is indeed a specified unlawful activity under the money laundering statutes and is thus cognizable as unlawful activity supporting a prosecution under 18 U.S.C. §1952 for anyone who performs acts to further, promote, etc. that unlawful activity. Defendant has failed to present any additional argument as to why he should be entitled to an acquittal on these Counts.

Defendant also argues for a judgment of acquittal on Count Four, asserting that the only evidence that suggests that he traveled in interstate commerce with stolen goods in excess of $5,000 is the testimony of Robert Doucette. There is no physical evidence that places the Defendant in the State of Ohio or the State of Pennsylvania on the weekend of January 17-18, 2009. Defendant argues that in considering whether Doucette's testimony is sufficient to withstand a motion for acquittal, the Court

"must consider all the misinformation Mr. Doucette provided to authorities, all his inconsistent statements, the fact that Mr. Doucette withheld information from authorities, that he destroyed evidence, tampered with evidence and that he clearly committed perjury at this trial." (Def.'s Mot. at 2).

While the Court agrees that Doucette's testimony places Defendant Murphy in Ohio on the dates in question and at the Brinks warehouse, there is plenty of other corroborating testimony and evidence to support the Government's case that Defendant Murphy committed this crime and subsequently traveled in interstate commerce with stolen goods in excess of $5,000. Further, it was not proven at trial that Doucette committed perjury. This is just Defendant's interpretation of the evidence. Any misinformation or withholding of information that Murphy has alleged Doucette did during the investigation was not material to the ultimate facts of the case and the conspiracy.

The Court, after hearing all the evidence presented at trial finds that there was sufficient evidence to sustain the conviction on all the charges against Defendant Murphy. Such evidence includes testimony from law enforcement officers Christopher McIntosh and J.J. Mead with the Columbus Police Department; Steven Wohlgemoth, Michael McCall, Jason Costello, Kristin Koch and Harry Trombitas with the FBI; and testimony from co-conspirators Robert Doucette and David Nassor about the Defendant's involvement in the Brinks burglary; as well as administrators with companies such as storage facilities, a bank, a hotel and Federal Express establishing the Defendant and/or his co-conspirators' connection to the tools and the preparation of the Brinks burglary. Therefore, a rational trier of fact could have found that the essential elements of the offenses had been proved beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 (1979); *see also United States v. Adamo*, 742 F.2d 927 (6th Cir. 1984).

Accordingly, Defendant Murphy's Motion for a Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is **DENIED**.

**IT IS SO ORDERED.**

                                 */s/ George C. Smith*
                                 **GEORGE C. SMITH, JUDGE**
                                 **UNITED STATES DISTRICT COURT**